**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**JOHN M. ST. CLAIR,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0535** (BOR Appeal No. 2055242)
                        (Claim No. 2002005709)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**WEST VIRGINIA UNIVERSITY - BOR,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner John M. St. Clair, by counsel Robert L. Stultz, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The West Virginia Office of Insurance Commissioner, by counsel James W. Heslep, filed a timely response.

The issue on appeal is the amount of residual permanent partial disability in the claim. The claims administrator granted no additional permanent partial disability benefits to Mr. St. Clair on February 9, 2018. On March 9, 2020, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated June 18, 2020, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

> (c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. St. Clair is a retired electrician with a thirty-three year work history of exposure to dust. He worked at West Virginia University from October 30, 1990, until he retired in 2011. He initially applied for benefits related to occupational pneumoconiosis on June 1, 2001. As a result of the initial claim and subsequent reopening, Mr. St. Clair received a 15% permanent partial disability award related to occupational pneumoconiosis.[1]

Mr. St. Clair filed a petition to reopen his claim on March 30, 2017, based upon spirometry testing from Stonewall Jackson Memorial Hospital dated March 22, 2017. By Order of the claims administrator dated April 28, 2017, the request to reopen the claim for consideration of additional impairment was granted. Mr. St. Clair was referred to the Occupational Pneumoconiosis Board ("OP Board") for an evaluation to determine whether he was entitled to an additional amount of permanent partial disability related to occupational pneumoconiosis.

---

[1] By Order of the Workers' Compensation Appeal Board (now Board of Review) dated January 8, 2004, Mr. St. Clair was granted a 5% permanent partial disability award. He successfully petitioned to reopen the claim for additional permanent partial disability consideration and was awarded an additional 5% permanent partial disability award on September 24, 2010. Subsequently, by an Office of Judges decision dated May 21, 2012, Mr. St. Clair was granted an additional permanent partial disability award for a total of 15% permanent partial disability.

On December 19, 2017, Mr. St. Clair was evaluated by the OP Board. It was noted that he had twenty-three years of exposure sufficient to have caused occupational pneumoconiosis or to have perceptibly aggravated pre-existing occupational pneumoconiosis. For over twenty years, he has reported shortness of breath, productive chronic cough, and wheezing. A review of Mr. St. Clair's spirometry revealed an FVC of 91% pre-bronchodilator; FEV1 of 79% and FEV1/FVC ratio of 65%. X-rays were compared to previous OP Board films dated January 8, 2002, and July 8, 2010. At the time of his examination, Mr. St. Clair was deemed to be in good general clinical condition and not in any respiratory distress at rest. The OP Board concluded that there was sufficient evidence to justify a diagnosis of occupational pneumoconiosis with no more than the 15% pulmonary functional impairment attributed to the disease previously found in his prior claims. By Order of the claims administrator dated February 9, 2018, Mr. St. Clair was granted no additional permanent partial disability benefits upon a finding that he had been fully compensated by his prior award of 15% permanent partial disability. Mr. St. Clair timely protested the claims administrator's decision.

In support of his protest, Mr. St. Clair was evaluated by Attila A. Lenkey, M.D, a pulmonologist at East Ohio Regional Hospital, on February 28, 2019. He underwent spirometry testing demonstrating an FVC of 4.96 with an FEV1 of 3.11, resulting in an FEV1/FVC ratio of 63%. In the post-bronchodilator phase of his testing at East Ohio, Mr. St. Clair demonstrated no response to the bronchodilator, showing an FVC of 4.84 and an FEV1 of 3.10, reflecting a ratio of 64%.[2] Dr. Lenkey found that Mr. St. Clair does have very mild obstructive airway disease with occasional issues with wheezing. Although his pulmonary functional testing and FEV1/FVC ratio was slightly decreased, it was approximately the same as it was at his last evaluation in 2011. In his Final Assessment, Dr. Lenkey concluded that Mr. St. Clair had 15% impairment overall with chronic bronchitis secondary to longstanding dust exposure.

---

[2] Impairment of pulmonary function, or breathing impairment, is assessed principally through ventilatory function testing. During this testing, the claimant exhales forcibly into an instrument called a spirometer. The spirometer records the "[v]olume of air that can be forcefully exhaled from the lungs after a maximal inspiration," known as the "forced vital capacity" (FVC), and the "[v]olume of air that can be exhaled forcefully from the lungs in one (1) second after a maximal inspiration," termed the "forced expiratory volume in one (1) second" (FEV1). Ventilatory function test results are expressed as actual scores and as percentages of "predicted normal values" (e.g., FVC percent of predicted), which values are derived from a statistical analysis of persons with "normal" breathing. Once test results are obtained, the degree of breathing impairment is determined in accordance with the Table for Impairment of Pulmonary Function (Table 85-1A). West Virginia Code of State Rules § 85-1A-20.8.7. On appeal, Mr. St. Clair argues that an FEV1/FVC ratio of 64% is equal to a 25% impairment rating when using Table 20.8.7 of the Table for Impairment of Pulmonary Function.

The members of the OP Board appeared and testified at a hearing held on February 5, 2020. Jack L. Kinder, M.D., Chairman, was questioned regarding the OP Board's testing and that of EORH's pulmonary lab. Dr. Kinder testified that the OP Board found no rales or wheezing during its clinical evaluation, and stated, "[t]he study from East Ohio Regional does have higher volumes than the Board's study. After adjustment for supervolume, they represented as much as 20% impairment." Although Dr. Lenkey recommended 15% impairment, Dr. Kinder testified about the tracings found in Dr. Lenkey's study:

"you'll note that exhalation, there's several trials that are put together on one graph. Exhalation will go up to 22, 23 seconds, which will raise the FVC and make a lower ratio. ATS usually cuts it off around 18 seconds for exhalation to get a good test. After that, you start getting. . . which is articulations in FVC. I don't believe we can accept Dr. Lenkey's study as being a valid study that makes a judgment of impairment. I do believe the 15% is correct. And I would stay with that recommendation."

Bradley D. Henry, M.D., testified that he agreed with the assessments provided by Dr. Kinder.

During the appellate process, Mr. St. Clair argued that his East Ohio Hospital study is valid and demonstrates 25% impairment for pulmonary function within rating tables under West Virginia law. The study notes that he gave "good effort" and "good cooperation" during testing. Dr. Kinder even testified that the testing performed at East Ohio Hospital provided the highest volumes in the record. However, Dr. Kinder testified that he felt there were factors indicating that the East Ohio Hospital study was not a valid representation of Mr. St. Clair's impairment because he exhaled too long during testing. Mr. St. Clair maintains that he is being penalized in his occupational pneumoconiosis claim for doing exactly what he was told to do by pulmonary technicians; to exhale as hard, fully, and completely as possible. Mr. St. Clair asserts that his impairment rating and benefit entitlement should not be penalized for having an above-average lung capacity.

Based upon the OP Board's findings, as well as the testimony of Dr. Kinder, the Office of Judges affirmed the claims administrator's February 9, 2018, Order finding that Mr. St. Clair had been fully compensated by his prior award of 15% permanent partial disability. The Office of Judges determined that the pulmonary report from East Ohio Hospital on April 3, 2019, must be taken with some reservation. Although there was an indication that Mr. St. Clair could have as much as 20% whole person impairment attributable to pulmonary functional impairment, the Office of Judges found that even Dr. Lenkey estimated 15% impairment. It was also noted that the OP Board also testified that it had reservations regarding the reproducibility of the East Ohio Hospital testing. Because the Office of Judges concluded that the findings of the OP Board have not been shown to be clearly wrong and are supported by a preponderance of the evidence, the claims administrator's Order was affirmed. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the decision on June 18, 2020.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. This Court has long recognized that, pursuant to the provisions of West

Virginia Code §§ 23-4-6a, 23-4-8, and 23-4-8c(d), the OP Board is to be accorded considerable deference in medical matters. *Fenton Art Glass Co. v. W. Va. Off. of the Ins. Comm'r*, 222 W. Va. 420, 664 S.E.2d 761 (2008). In this case, the OP Board provided clear, unequivocal testimony that it found no additional whole person impairment attributable to occupational pneumoconiosis. The Board of Review was not clearly wrong to affirm the finding that Mr. St. Clair has been fully compensated for permanent partial disability related to this claim.

Affirmed.

**ISSUED:** October 4, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton